Kevin Tyrone MASSEY, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 1083S373.

Supreme Court of Indiana.

Jan. 30, 1985.

Richard D. Gilroy, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Kevin Massey, was convicted at a bench trial of robbery, a Class A felony, Ind.Code § 35–42–5–1 (Burns 1984 Supp.), kidnapping, a Class A felony, Ind. Code § 35–42–3–2 (Burns 1979 Repl.), and resisting law enforcement, a Class A misdemeanor, Ind.Code § 35–44–3–3 (Burns 1984 Supp.). He was sentenced to concurrent terms of twenty-five years, twenty-five years and six months. In this appeal, he raises the following two issues:

1. Whether the trial court erred in admitting into evidence a waiver of rights form which defendant signed as well as defendant's statement to the police; and

2. Whether there was sufficient evidence to sustain the convictions.

A brief summary of the facts from the record most favorable to the state shows that defendant and three accomplices approached the victim as he was walking from his apartment to his automobile. Two of the men had handguns and ordered the victim to open the trunk of his car. When the victim refused, the men took the keys from him, struck him over the head with one of the guns and forced him to get into the trunk. The men took his wallet, gloves, ring and watch; then they locked the trunk and drove away in the car.

One of the victim's neighbors observed the incident and called the police. A police car chased the suspect vehicle and eventually forced it to stop. Two of the men jumped out of the car during the chase and the other two ran from the car as soon as it stopped. The police eventually apprehended the driver of the car and he was identified as defendant. The victim was released from the trunk and was bleeding from a cut to his head where he had been struck with the gun.

Defendant gave a statement to the police in which he said that the robbery and kidnapping were happening when he walked by on his way to a liquor store and he was told by the other men to get in the car and drive. He stated that he did not have any prior knowledge of the robbery, was not armed, and did not receive any of the loot. He was able to give the police the names of two of the other robbers.

I.

Defendant first contends that he did not sign the waiver of rights form voluntarily and that his statement was not voluntarily given because of the coercive tactics of the police. The record shows that defendant was given a waiver of rights form before any questioning began when he was first taken to the police station. Defendant read the form and it was read to him before he signed it. He said that he understood all the rights that he was waiving by giving the statement and that the statement was voluntarily given. The record also shows that the police told defendant they would like his cooperation in locating the three other robbers and explained that he was charged with Class A and Class B felonies and the possible penalties that would go with these crimes.

Defendant now contends that the general remarks about the police wanting his cooperation and the possible penalties he could receive amounted to such a level of coercion that his statement was not voluntarily given. We do not agree.

It is well settled that the question of the admissibility of a statement or confession is controlled by determining from the totality of circumstances whether or not the confession was given voluntarily and not through inducement, violence, threats or other improper influences so as to overcome the free will of the accused. *Anderson v. State*, (1984) Ind., 466 N.E.2d 27; *Grassmyer v. State*, (1981) Ind., 429 N.E.2d 248; *Schutz v. State*, (1981) 275 Ind. 9, 413 N.E.2d 913. The question of voluntariness is one for the trial court. We review the question on appeal as we do other sufficiency matters. We do not weigh the evidence, but rather determine whether there was substantial evidence of probative value to support the trial court's finding. *Long v. State*, (1981) Ind., 422 N.E.2d 284; *Johnson v. State*, (1978) 269 Ind. 370, 380 N.E.2d 1236.

It is true that a confession is inadmissible if obtained by a promise of immunity or mitigation of punishment. *Ashby v. State,* (1976) 265 Ind. 316, 354 N.E.2d 192. However, we have consistently held that vague and indefinite statements by the police about it being in the best interest of the defendant for him to tell the real story or cooperate with the police are not sufficient inducements to render a subsequent confession inadmissible. *Long v. State,* 422 N.E.2d at 286; *Turpin v. State,* (1980) 272 Ind. 629, 400 N.E.2d 1119.

In this case, defendant was not subjected to any lengthy interrogations and there is no evidence of any physical abuse or coercive action by the police which logically would have misled defendant or overborne his will in regard to his voluntary statement. The record shows that defendant was well aware of his rights including his right to an attorney during any questioning as all of these rights were read to him before he signed the waiver of rights form and again when he started to give his statement. Defendant stated that he had gone through the tenth grade and could read and write the English language. He stated that he understood all the rights he was waiving when he signed the waiver of rights form and again when he gave his statement.

The statements of the police in this case about wanting defendant's cooperation and explaining the crimes and penalties which were possible as a result of defendant's actions were not specific enough to constitute either promises or threats. The trial court did not err in admitting the waiver of rights form or defendant's statement.

## II.

Defendant also contends there was not sufficient evidence of his participation in the instant crimes to support the convictions. He bases this argument on the statement he gave to the police in which he stated that he happened upon the scene of the crime while the other three men were actually committing the crimes and that he was ordered by these men to get in and drive the car. However, defendant's statement was contradicted by the victim who stated that he was approached by four men and that all four men participated in the criminal acts. The victim's testimony was corroborated by one of his neighbors who stated that he looked out of his window and observed four men as they accosted the victim and locked him in the trunk of his car. This neighbor immediately called the police.

As we stated above, we do not judge the credibility of witnesses or weigh the evidence but rather determine whether there was substantial evidence of probative value to support the verdict of the trier of fact. We are constrained to consider only that evidence most favorable to the state, together with all reasonable and logical inferences to be drawn therefrom. *McNary v. State,* (1984) Ind., 460 N.E.2d 145. Here, the testimony of the victim and the neighbor was sufficient to support the court's determination that defendant was knowingly involved as one of four participants in the criminal acts.

For all of the foregoing reasons there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.