**Edward MORGAN, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 84S00–8803–CR–345.**

Supreme Court of Indiana.

Sept. 26, 1989.

Rehearing Denied Dec. 19, 1989.

Woodrow S. Nasser, Public Defender for Appeal, Terre Haute, for appellant.

Linley E. Pearson, Atty. Gen. and Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in appellant's conviction of Attempted Murder, a Class A felony, for which he received a sentence of twenty (20) years.

The facts are: On the evening of September 14, 1986, Lori Beleu was in a car talking with Clayton Sparks as he stood beside her car near his home in Terre Haute. Sparks' cousin Ronnie Wilson walked up and began conversing with them. Soon thereafter, a red Cadillac driven by appellant stopped behind Beleu's vehicle, which was parked so that it obstructed traffic. Appellant honked his horn and asked them to move out of the way, and an argument ensued. During the argument, appellant produced a gun and Sparks and Wilson retreated toward the house. Sparks stated that as he ran toward his house he picked up a baseball bat which was lying in the yard, then turned and saw that appellant was pointing his gun at Wilson. Sparks said, "No, don't shoot my cousin." At that time, he saw appellant point the gun at him and fire.

Sparks' uncle, Frank Roberts, testified that Sparks came into the house, yelling that he had been shot, and he was bleeding from his side. Roberts grabbed the baseball bat and went out on the porch. Appellant said, "My God, he's got a shotgun," and he fired his gun at Roberts. The bullet hit the side of the house, and appellant left the scene.

Appellant argues the use of a diagram during trial violated the separation of witnesses order. The diagram depicted the scene of the shooting. After the first State's witness marked on it, appellant objected to its use on the basis that the marks would influence subsequent witnesses and prevent them from giving independent testimony. The trial court overruled the objection, stating that it would be impractical to have multiple diagrams prepared and the marks on the diagram were not that suggestive; however, he added that they could see "how the testimony of the next witness goes."

■ The trial court has discretionary power to allow a witness to testify notwithstanding a violation of a separation of witness order, unless appellant can show connivance or procurement on behalf of the State. This Court will not disturb the trial court's determination unless there is a showing of prejudice tantamount to an abuse of discretion. *Halbig v. State* (1988), Ind., 525 N.E.2d 288.

■ The record in appellant's case shows that the next witness testified while utilizing the diagram. There was no indication that she acknowledged the markings on the chart or was influenced by them. No further objection was made concerning the diagram. Because no showing was made of any connivance on the part of the State, we find no abuse of trial court discretion.

Appellant contends he was denied a fair trial because the trial court admitted into evidence the victim's medical records before the State had established the *corpus delicti*. He believes the State failed to produce evidence establishing that the victim had suffered a gunshot wound.

■ Appellant's utilization of the *corpus delicti* requirement is misplaced. The purpose of the *corpus delicti* requirement is to prevent a defendant from being convicted only on his confession. *Smith v. State* (1975), 167 Ind.App. 428, 339 N.E.2d 118. The State is not required to prove the *corpus delicti* by independent evidence prior to the admission of a confession, provided the totality of independent evidence presented at trial establishes it. *McManus v. State* (1989), Ind., 541 N.E.2d 538. Establishing the *corpus delicti* was not a prerequisite for admitting into evidence the victim's medical records.

Appellant claims the State's Exhibit No. 5, a .38 caliber shell casing, should not have been admitted into evidence. He states that the casing was removed from his home without a proper search warrant.

Detective Loudermilk testified that he received a radio call requesting that he locate and detain appellant at his address. They knocked on appellant's front door, and he identified himself and invited the officers into his home. Before entering, the officers told appellant their visit was in regard to a shooting in Terre Haute. Detective Loudermilk testified that appellant consented to their looking around his home. They observed, in plain view, a box of .38 caliber cartridges and two spent cartridges on the coffee table of the living room. One of the shell casings was State's Exhibit No. 5.

▆▆ Generally, a search warrant is a prerequisite to a constitutionally proper search and seizure. However, a valid consent to search obviates the warrant requirement. *Callahan v. State* (1988), Ind., 527 N.E.2d 1133; *Stallings v. State* (1987), Ind., 508 N.E.2d 550. Additionally, evidence which was in plain view to the officer is not seized as a product of a search. *Gann v. State* (1988), Ind., 521 N.E.2d 330.

Because appellant gave the officers consent to enter and search his home and because the evidence was in plain view to the officers, we find no error in admitting State's Exhibit No. 5.

▆▆ Appellant argues the evidence is insufficient to support his conviction and his motion for directed verdict was erroneously denied. If the evidence is sufficient to sustain a conviction on appeal, then the denial of a motion for directed verdict cannot be error. In reviewing the sufficiency of the evidence, this Court will not reweigh the evidence or judge the credibility of the witnesses. *White v. State* (1986), Ind., 495 N.E.2d 725.

▆▆ Appellant lists in his brief instances in which a discrepancy exists between the testimony of the State's witnesses, such as inconsistencies in the reported locations of the involved parties and the parked cars during the incident, in the amount of time between the shots fired by appellant, and in the location of people when the shots were fired. It was the function of the jury to consider discrepancies in the testimony and weigh them accordingly. This Court will not undertake to substitute its judgment for that of the jury. *Id.; Poindexter v. State* (1988), Ind., 531 N.E.2d 188.

Appellant also contends the evidence cannot sustain his conviction because an emergency room doctor's record states that Sparks sustained a gunshot wound which entered him from the front and exited through his back, which contradicts with witnesses' testimony that Sparks was struck as he was fleeing appellant.

The testimony of Sparks and other witnesses established that as Sparks was fleeing appellant, he turned to his left to tell him to not shoot his cousin. At that time, appellant fired and Sparks was shot in his left side. Therefore, their testimony was consistent with the medical reports which stated that Sparks was shot in his front chest and the bullet exited his posterior chest.

Appellant states the State failed to prove the *corpus delicti* because they did not establish that Sparks suffered a gunshot wound. He reiterates his testimony that he shot at the cement to scare him, and it is possible that Sparks was hit by a sliver of cement or a ricocheted bullet. He concludes the State failed to prove its case beyond a reasonable doubt.

▆▆ The information alleged that appellant attempted to murder Sparks by shooting at him with a gun which caused a bullet to enter his body. The State produced witnesses who testified that an argument occurred, appellant pointed his gun at Sparks and fired, and then fired at Sparks' uncle on the front porch. All of the medical records indicate that Sparks suffered a gunshot wound. The direct and circumstantial evidence established the *corpus delicti* and it adequately supports his conviction.

Appellant contends the trial court committed reversible error by refusing his Proposed Final Instruction No. 2, which stated:

"When threats are coupled with a present ability to carry them out and under circumstances in which one reason-

ably believes he is about to be assaulted, he may strike first in self defense."

Appellant believes that when one considers the medical report stating Sparks was hit in the front, and his own testimony that either Sparks or Wilson threatened him and were coming at him, his instruction on self-defense should have been given.

When we review a trial court's refusal to give an instruction, we consider: 1) whether the tendered instruction was a correct statement of the law; 2) whether there is evidence to support giving the instruction; and 3) whether the substance of the tendered instruction was covered by other instructions given by the court. *Gross v. State* (1987), Ind., 506 N.E.2d 17.

The record reveals that the jury was fully instructed on self-defense, including an instruction which ordered the jury to acquit appellant if they believed he acted in self-defense. We find no error in the refusal of appellant's instruction.

Appellant contends the trial court erroneously failed to give his Proposed Instruction No. 3, which stated that a person may act upon circumstances which reasonably place him in apprehension of bodily harm even though it is eventually determined that there was no actual danger. He cites cases which contain the substance of his proposed instruction.

The mere fact that certain language or expressions are used in the opinions of this Court to reach its final conclusion does not necessarily make it proper language for instructions to a jury. *Drollinger v. State* (1980), 274 Ind. 5, 408 N.E.2d 1228. The instructions given by the trial court on self-defense adequately informed the jury on that topic.

Appellant also argues his Proposed Instruction No. 7 was improperly refused. It stated:

"The test to determine whether the Defendant herein had sufficient apprehension of bodily harm to invoke self defense is the "reasonable man" test; that is, where an ordinarily reasonable man in the circumstances of this Defendant, would be in fear of bodily injury."

Indiana Code § 35–41–3–2 states that a person is justified in using reasonable force against another person to protect himself from what he reasonably believes to be the imminent use of unlawful force. The jury was to look from the defendant's viewpoint when considering facts relevant to self-defense. *Holland v. State* (1983), Ind., 454 N.E.2d 409. A person is justified in purposely killing an assailant in self-defense if he has reason to believe and does believe that he is in danger of death or great bodily harm. *Dean v. State* (1982), Ind., 432 N.E.2d 40.

Appellant's proposed instruction may have suggested to the jury that they only must consider objectively whether a reasonable man would have feared serious bodily injury in appellant's circumstances and not whether, from appellant's viewpoint, he was fearful of serious bodily injury in that situation. An instruction which is apt to mislead or confuse a jury should not be given. *Fox v. State* (1986), Ind., 497 N.E.2d 221. We find no error.

Appellant contends the trial court committed reversible error by communicating with the jury during their deliberations. He concedes that there is nothing in the record which indicates any communication between the judge and jury. However, defense counsel filed an affidavit which asserts that after the jury retired for deliberations, he informed the court that he would be at a local restaurant to await a verdict. After a few hours had passed, defense counsel called the court to learn the status of deliberations. He was advised that the jury had sent a list of six written questions to the judge. The only two questions defense counsel could recall were whether the jury could receive Cokes and whether they could find defendant guilty of anything less than attempted murder. The trial judge indicated to defense counsel that when the bailiff delivered the beverages, one juror stated that they should have brought their sleeping bags, which they agreed indicated a possible hung jury. He also told defense counsel that he answered "no" to the jury's

second question. The affidavit stated that the trial judge told defense counsel that he wrote a written response to each of the jury's questions.

Appellant argues that it must be assumed that the other four questions and answers were prejudicial to his case. He explains that he did not object to the communication at the time it occurred because he assumed a hung jury would result, and he contends the issue is not waived because fundamental error occurred. He believes he was prejudiced because the jury demonstrated problems in reaching a verdict before their questions were answered, but approximately one hour after they received answers to their questions, they returned a verdict of guilty but asked the trial court for leniency in his sentencing.

Fundamental error is error that if not corrected would deny a defendant fundamental due process. *Lewis v. State* (1987), Ind., 511 N.E.2d 1054. When jurors request additional guidance from the court, the proper procedure is for the judge to notify the parties so they may be present in court before the judge communicates with them, and the parties should be informed of his proposed response to the jury. An inference of prejudice arises from an *ex parte* communication, and this inference creates a rebuttable presumption that error has been committed. *Marsillett v. State* (1986), Ind., 495 N.E.2d 699. The State may avoid reversal if this Court is satisfied that no harm or prejudice resulted from the communication. *Alexander v. State* (1983), Ind., 449 N.E.2d 1068.

The two questions asked and answered were not prejudicial to appellant. The question concerning the beverages was innocuous, and the judge correctly answered the question about finding appellant guilty of a lesser offense because the jury was not instructed on any lesser included offense of attempted murder.

Nothing in the record or appellant's affidavit informs us as to the content of the other four questions and answers between the jury and judge. Defense counsel's affidavit states that he filed a praecipe which requested copies of all written communication between the judge and jury, but despite his request, nothing concerning the communication was included in the record. He therefore interviewed the bailiff, who informed him that the jury did receive answers to their questions. However, without presenting the content of the exchange between the judge and jury, appellant has created nothing for the State to rebut, nor are we provided a basis for a finding of fundamental error. Before this Court may properly review an issue, the burden is upon the appellant to present a complete record of the proceedings. *Rondon v. State* (1989), Ind., 534 N.E.2d 719.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER and PIVARNIK, JJ., concur.

DICKSON, J., concurs in result without separate opinion.