Kevin HIGGINS, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 50A03–9006–CR–233.

Court of Appeals of Indiana,
Third District.

Nov. 20, 1990.

Mark W. Doty, Elkhart, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana, Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Kevin Higgins brings this interlocutory appeal challenging the trial court's denial of his motion to suppress a statement given to police officers following his arrest. His appeal raises the following two issues:

I.  Whether the trial court erred in failing to find that Higgins' confession was induced by a promise of leniency.

II. Whether the trial court improperly failed to consider the totality of circumstances when considering the voluntariness of Higgins' confession.

We affirm.

When a defendant challenges the admissibility of a confession, the State has the burden of proving beyond a reasonable doubt that his confession was made voluntarily, and was not induced by threats of violence, promises, or other improper influences that overcame the defendant's free will. *Willoughby v. State* (1990), Ind., 552 N.E.2d 462, 464. The determination of the voluntariness of a confession is a question of fact which is to be determined by the trial court through a review of the totality of the circumstances which confronted the defendant. *Townsend v. State* (1989), Ind., 533 N.E.2d 1215, 1222–1223, *rehearing denied, cert. denied* — U.S. —, 110 S.Ct. 1327, 108 L.Ed.2d 502.

Upon review of a trial court's denial of a motion to suppress based upon the finding that a statement was voluntarily and freely given, we may not reweigh the evidence. *Id.,* 533 N.E.2d at 1223. We must consider the evidence supporting the trial court's ruling, and if there is substantial evidence of probative value, we will not reverse the trial court's determination. *Id.*

## I.

### Promise of Leniency

Higgins first contends that his confession was improperly induced by a promise of leniency. He points to the following exchange between Higgins and the interrogating officer:

Q   Kevin, you know there's been a number of people arrested.

A   Yeah.

Q   They're all going to have their chance to sit down and talk if they want to talk.

A   That's fine

Q   And you know, the word is, the one that cooperates the most is the one more than likely the Prosecutor is going to be willing to do the best deal

with, I guess. Who'll get the best deal?

Record, pp. 301–302.

In similar situations, Indiana courts have been unwilling to find that the confessions were not voluntary where the promise of leniency was vague and indefinite. *Lord v. State* (1988), Ind., 531 N.E.2d 207, 209, *rehearing denied* (police officer asked, "[I]f I could get [the prosecutor] down here, would you tell the truth, if he'd cut you a deal?"); *Neal v. State* (1988), Ind., 522 N.E.2d 912, 913 (officer promised leniency if defendant "came clean"); *Ford v. State* (1987), Ind., 504 N.E.2d 1012, 1013 (officer told defendant that others were making statements and that it would be in his best interests to make a statement himself); *Hampton v. State* (1984), Ind.App., 468 N.E.2d 1077, 1080 (officers told defendant possible sentences for crime, that mitigating circumstances could be considered, and that they would inform court if he was truthful and cooperative); *White v. State* (1980), Ind.App., 404 N.E.2d 1144, 1146 (officer stated, "if you help us like your sister, we'll help you").

Higgins argues, however, that his case is more analogous to *Ashby v. State* (1976), 265 Ind. 316, 354 N.E.2d 192. There, the officer informed the defendants that if they gave statements, they would be allowed to plead to a lesser crime. He also informed them of the sentences for each crime and when they would likely be eligible for parole if they pleaded guilty to the lesser offense. *Id.,* 354 N.E.2d at 193. The plurality found that the confessions were not given voluntarily. *Id.* at 196.

We find this case to be more akin to the previously cited cases rather than *Ashby.* Here, no specific sentences were discussed, nor did the police intimate that they had the authority to enter into a bargain. The speculation that the prosecutor would more than likely "do the best deal" with the individual who cooperated the most was at best a vague and indefinite promise of leniency, and did not render Higgins' confession inadmissible.

## II.

### *Totality of the Circumstances*

■ Higgins finally contends that the trial court erred because it failed to consider the totality of the circumstances in deciding whether the confession was voluntary. The court entered the following order:

> The Court having had the Defendant's Motion to Suppress Evidence under advisement, and having examined the authorities and considering the argument of counsel, now denies the Motion to Suppress having found that the Defendant was not sufficiently under the influence of alcohol or the effects of marijuana that it impaired [sic] his understanding of the investigation being conducted by Officer Wedel. The court does not find that Officer Wedel threatened, coerced, or intimidated the Defendant with regards to obtaining the video taped statement nor the portion which was reduced to a transcript after it was taken on October 21, 1989.

Record, p. 131.

Higgins argues that this order indicates that the trial judge incorrectly bifurcated his ruling by considering Higgins' impairment and the officer's coercion separately, rather than together. We cannot agree. We do not find that the trial judge's choice to address each claim in a separate sentence in his order is indicative of a failure to consider the totality of the circumstances.

■ Moreover, we do not find error in the trial court's determination. Unless the accused's intoxication has rendered him unconscious as to what he is saying, the intoxication goes to the weight, not the admissibility of the statement. *Gregory v. State* (1989), Ind., 540 N.E.2d 585, 592. Although Higgins presented evidence that he had consumed a large quantity of alcohol that evening and had smoked several "joints", the arresting officer indicated that he did not appear significantly impaired. Higgins was not charged with driving while intoxicated. Finally, Higgins was able to testify in detail as to what tran-

spired during the interrogation at the hearing on the motion to suppress. We cannot find that the totality of the circumstances indicate that Higgins' statement was not voluntarily given.

Affirmed.

HOFFMAN and MILLER, P.JJ., concur.