John ROOP, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee.

No. 48A02–9003–CR–145.

Court of Appeals of Indiana,
Second District.

May 21, 1991.

Rehearing Denied July 10, 1991.

William Byer, Jr., Byer & Gaus, Anderson, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

SULLIVAN, Judge.

John Roop (Roop) appeals his convictions of seven counts of child molesting under Ind.Code 35–42–4–3(b), class C felonies, two counts of child molesting under Ind. Code 35–42–4–3(a), class B felonies, and one count of vicarious sexual gratification under Ind.Code 35–42–4–5(b), a class C felony.

We affirm in part and reverse in part.

Roop presents the following issues for our review, which we restate:

1. Whether the court erred in admitting the written statement that defendant gave to police officers;

2. Whether the court erred in admitting written and videotaped statements of the victims;

3. Whether the court erred in allowing a witness to testify following a violation of a witness separation order; and

4. Whether the court erred in imposing enhanced and consecutive sentences totaling 104 years.

### I.

Roop argues that the court erred in admitting State's Exhibit 5A, a written statement given to the police by Roop. Roop contends that the statement was not voluntary because it was based upon police promises of leniency. Roop testified at trial that he was told by the police that "things would be easier for [him] later on down the road" if he would cooperate. Record at 428.

In *Pasco v. State* (1990) Ind., 563 N.E.2d 587, 591, our Supreme Court recently stated:

"The admissibility of a statement or confession is controlled by determining, from the totality of the circumstances, whether it was made voluntarily and not through inducement, violence, threats, or other improper influences so as to overcome the free will of the accused. *Lyons v. State* (1987), Ind., 506 N.E.2d 813. The question of voluntariness is a question of fact for the trial court. *Townsend v. State* (1989), Ind., 533 N.E.2d 1215, *cert. denied,* [——] U.S. [——], 110 S.Ct. 1327, 108 L.Ed.2d 502."

Generally, a confession is not admissible if procured by a promise of immunity or mitigation or punishment. *Massey v. State* (1985) Ind., 473 N.E.2d 146, 148. However, as noted in *Massey,*

"vague and indefinite statements by the police about it being in the best interest of the defendant for him to tell the real story or cooperate with the police are not sufficient inducements to render a subsequent confession inadmissible."

*See also, Higgins v. State* (1990) 3d Dist. Ind.App., 562 N.E.2d 770.

In the present case, the investigating officer testified that although he may have told Roop that cooperation could help him, the officer always advises suspects that he does not have authority to determine whether or not they will receive leniency. The officer's statements were vague and indefinite and are therefore insufficient to render Roop's statement inadmissible. *Massey, supra.* Moreover, Roop signed a waiver of rights form which stated that no promises or threats had been made to Roop and that Roop was acting voluntarily. The evidence is sufficient to support the court's determination that Roop's statement was given voluntarily.

## II.

■ Roop argues that the court erred in admitting written and videotaped statements of the six victims into evidence. He contends that because all of the victims testified at trial about the crimes, the prior written and videotaped statements constituted hearsay and were cumulative.

Roop argues that the *Patterson v. State* (1975) 263 Ind. 55, 324 N.E.2d 482, exception to the hearsay rule is not applicable in this case, citing *Gaunt v. State* (1983) Ind., 457 N.E.2d 211. There our Supreme Court said:

"If the out of court declarant is available when the evidence is offered, there is no need to wander from the traditional hearsay proscriptions." *Gaunt,* 457 N.E.2d at 215.

Although in this case the court perhaps should have excluded the testimony, the error, if any, in its admission is not cause for reversal. All of the victims did in fact testify at trial regarding the events, and the prior statements were merely cumulative.

■ Roop argues that the cumulative nature of the hearsay evidence requires reversal. He relies upon the opinion of our Fourth District in *Stone v. State* (1989) 4th Dist.Ind.App., 536 N.E.2d 534, *trans. denied.* In that case, the trial court admitted six hearsay statements of the child victim. The lone victim's version of events was relayed at trial through the testimony of six adult witnesses. In reversing the defendant's conviction, the court opined that the victim's credibility "became increasingly unimpeachable as each adult added his or her personal eloquence, maturity, emotion, and professionalism to B.L.'s out-of-court statements." *Id.* at 540.

In the present case, the out-of-court statement was presented at trial via written statements or videotaped statements of the multiple victims themselves and not through the testimony of adult witnesses. Although we recognize that mere repetition of the testimony may pose a danger, in the present case, only one out-of-court statement of each victim was admitted. In any event, the defendant was tried by the court, and prejudice resulting from repetitive evidence is less likely in a bench trial than in a jury trial. Generally, harm from evidentiary error is lessened if not completely annulled when the trial is by the court sitting without a jury. *King v. State* (1973) 2d Dist. 155 Ind.App. 361, 292 N.E.2d 843, 846, quoted with approval, *Lo-*

*man v. State* (1976) 265 Ind. 255, 354 N.E.2d 205. Therefore, harm, if any, from the cumulative nature of the victims' testimony does not warrant reversal.

### III.

 Roop argues that the court erred in allowing Roy Bilyou to testify in violation of its separation order.

The admission of testimony of a witness who has violated a separation order is within the discretion of the trial court. The court may, in its discretion, permit the witness to testify, unless the defendant can show connivance or procurement by the State. *Morgan v. State* (1989) Ind., 544 N.E.2d 143; *Halbig v. State* (1988) Ind., 525 N.E.2d 288.

In the present case, Mr. Bilyou was called for the sole purpose of establishing the precise dates he and his family lived in the same trailer park as Roop. The testimony of his sons indicates some confusion in the dates. Mr. Bilyou was not questioned regarding the events underlying the charges. Therefore, his testimony was not corroborative of the other witnesses. There was no evidence of connivance or procurement by the State, and we discern no abuse of discretion by the trial court.

### IV.

 Roop argues that the court erred in imposing the maximum sentence of 104 years for the ten convictions. Particularly, Roop contends that the court failed to consider mitigating circumstances and that the statement of aggravating circumstances is insufficient to support the sentence.

 Indiana Code 35–38–1–3(3) (Burns Code Ed.Repl.1985) requires a court to record a statement of its reasons for selecting a sentence which is different from the presumptive sentence. The court is required to specify the underlying facts which support a finding of aggravating or mitigating circumstances. *St. John v. State* (1988) Ind., 523 N.E.2d 1353; *Farina v. State* (1982) Ind., 442 N.E.2d 1104. Additionally, the court should specify all the significant mitigating and aggravating factors, and balance the factors to determine whether the aggravating factors outweigh the mitigating factors. *St. John, supra; Henderson v. State* (1986) Ind., 489 N.E.2d 68.

In the present case, the court imposed the maximum sentence for each of the ten convictions and ordered the sentences to run consecutively to each other. The court made the following statements regarding aggravating factors:

"The Court ... finds aggravation in this case that the ... risks that the person will commit another crime are ... great based upon ... the acts committed and the report and his character, nature and circumstances of the crime committed ... over an extended period of time and the extreme youth of the victims in this case, that the person is in need of correctional and rehabilitative treatment that can best be proved by commitment to a ... provided by commitment to a penal facility. An imposition of a reduced sentence would depreciate the seriousness of the crime in this case ... Court finds that the sentences shall be run consecutively based upon the aggravation which the court has ... just previously stated."

Record at 553.

The court here failed to enter a specific and individualized statement of reasons for selecting the sentence it imposed, as contemplated by our Supreme Court in *St. John, supra*. The mere recitation of the statutory factors is insufficient to support an enhanced sentence. *Erby v. State* (1987) Ind., 511 N.E.2d 302. In *Robey v. State* (1990) Ind., 555 N.E.2d 145, 152, our Supreme Court held:

"The perfunctory recitation of statutorily mandated considerations and the conclusory language used in this sentencing order, with so little reference to the specific nature of the offenses and virtually no reference to the character of the offender, is not sufficient to afford an adequate review of the appropriateness of the sentence imposed on a criminal defendant."

Like the sentencing order in the *Robey* case, the court's order here uses conclusory

language and makes little reference to the specific nature of the offenses. The statement supporting the enhancement of Roop's sentence is therefore insufficient and cannot be affirmed upon this appeal.

Our decision here is not necessarily to be taken as a disagreement with the sentence imposed, for the crimes involved in this case are especially offensive. However, the law imposes particular requirements which must be followed when the court chooses to enhance a sentence or to impose consecutive sentences. We are therefore constrained to reverse and remand the cause to the trial court for reconsideration of the sentencing order in light of this opinion or for a reduction of the sentences to the presumptive sentences provided for by statute. The judgment is in all other respects affirmed.

SHIELDS, J., concurs.

STATON, J., concurs in part and dissents in part with separate opinion.

STATON, Judge, concurring in part and dissenting in part.

I concur with the Majority except for their treatment of the Patterson Rule. I would consider the offering of a video tape reversible error where the witness is present in court to give testimony. Where a witness may not be as credible or persuasive on the witness stand as in a rehearsed, retake video, there is an immeasurable potential for prejudice. Too, the repetitiveness factor of a video exhibiting the same testimony reinforces those aspects of the State's case unduly and beyond the cumulative on the witness stand testimony.

In *Gaunt v. State* (1983) Ind., 457 N.E.2d 211, cited by the Majority, the Indiana Supreme Court did not find reversible error because an affidavit by Stuckey which had been introduced in evidence without objection, stated the remarks made by Pick which the defense wanted in evidence. Therefore, the defendant could not have been harmed by the erroneous ruling of the trial court. However, the dissent in *Gaunt*

aptly points out that: "The affidavit would be very weak in its persuasive force when compared to Stuckey's in-court testimony under oath ..." I would suggest that just the reverse would be true if instead of an affidavit it had been a video.

Roop argues that the *Patterson* exception to the hearsay rule is not applicable. I agree. Being unable to assess the prejudice to Roop because of this evidentiary error, I would grant a new trial.