**Charles Lee WARNER, Appellant**
**(Defendant Below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff Below).**

No. 85S00–9008–CR–00536.

Supreme Court of Indiana.

Oct. 22, 1991.

Elden E. Stoops, Jr., Daggett, Schlitt & Stoops, North Manchester, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

Appellant Charles Lee Warner was convicted of two counts of theft, two counts of criminal confinement, one count of robbery, and one count of burglary. He was also found to be an habitual offender.

Warner claims in this direct appeal that the trial court erred in denying a motion to suppress his confession and admitting certain portions of it as substantive evidence at trial. He contends the court compounded the error by admitting for impeachment purposes the transcript of the entire confession. He also raises several other allegations of error; however, because the trial court's error in admitting the entire confession requires reversal of Warner's convictions, we find it unnecessary to address these other allegations.

The evidence at trial showed that on December 14, 1988, Warner, his friend James D. Griffey, and Warner's fourteen year old nephew Jason Lester attended a concert in Indianapolis. After the concert the three drove to Roann, Indiana, where they took a truck belonging to David Lee Vigar. Warner and Griffey took turns driving the truck while the other followed in Griffey's car. They eventually decided to get rid of the truck so they drove into a field in Wabash County. There they wrecked the truck, and Griffey shot it with some type of gun. They left the truck in the field and headed toward Marion in Griffey's car. Shortly thereafter a police car attempted to pull them over. A chase ensued and the three were eventually apprehended in the early morning hours of December 15, in Marion.

On December 21, 1988, Officer Brinson and Detective Sergeant Cantrell questioned Warner in the Grant County Jail. Appellant admitted committing a number of crimes including the theft of the truck. He also admitted that he and Griffey had committed a burglary at the residence of Newell and Ruth Schmalzried in Wabash County. On November 28, 1988, Warner and Griffey entered the Schmalzried home through an open garage door. Finding nothing of value in the garage they tried the door to the house, which they found unlocked. Inside they took $60–80 from a purse, then woke up the Schmalzrieds, an elderly couple who were asleep in their bedroom. While Griffey held Mr. Schmalzried at gunpoint, Warner took Mrs. Schmalzried around the house collecting various belongings. Warner then went back to the bedroom where he kicked Mr. Schmalzried in the head. He and Griffey forced the Schmalzrieds to undress, then locked them in a closet. They loaded the collected goods into the Schmalzried's car and left. Police later recovered the stolen goods from Warner's Bloomington apartment.

### I. Voluntariness of the Confession

Appellant claims that his confession was not given voluntarily and that the trial court should have granted his motion to

suppress it. The court permitted the State to introduce parts of the confession as substantive evidence at trial. Specifically, appellant claims that: 1) prior to giving his statement he told Officer Brinson he wanted to call his mother so she could arrange to get him an attorney, 2) he initialed the waiver form rather than signing his full name to indicate that he was not making the statement voluntarily, 3) Officer Brinson implied that if he gave the statement his nephew would not be charged and Warner would be charged with only one armed robbery, 4) he gave the statement out of fear because Officer Himelick told him he would "spend the rest of [his] life behind bars for being hard-core with them" (R. 458), and 5) he was on pain medication for hand and head injuries.

For a confession or statement to be admissible it must be determined that the accused made the statement voluntarily and that the free will of the accused was not overcome through inducement, violence, threats, or other improper influences. *Massey v. State* (1985), Ind., 473 N.E.2d 146. The question of voluntariness is for the trial court to decide based on the totality of the circumstances. *Id.* On appeal, we review the question as we do other sufficiency matters. "We do not weigh the evidence, but rather determine whether there was substantial evidence of probative value to support the trial court's finding." *Id.* If the evidence is conflicting, this Court will consider on appeal only that evidence which tends to support the trial court's ruling. *Coleman v. State* (1986), Ind., 490 N.E.2d 711.

There was substantial evidence presented at the suppression hearing which indicated that Warner understood his rights and made the statement voluntarily. Before questioning began, Warner was read his *Miranda* rights. Appellant then initialed a waiver of his rights which was witnessed by Brinson, Cantrell and Officer Himelick.

Officer Brinson testified at the suppression hearing that they then told Warner that the police had spoken with Griffey and that Griffey had made a statement impli-

cating him in several crimes. He also informed Warner that based on Griffey's statement the police had received and executed a search warrant for his apartment in Bloomington and had recovered certain items. Pictures of these items were shown to Warner during the questioning.

The tape recorder was then turned on, and Officer Brinson read the *Miranda* warning again and appellant answered "yes" to the question "Do you understand those rights?". (R. 386). Warner was also read a waiver of rights form and he stated that he understood it and had signed it earlier. The officers proceeded to record his statement. Detective Cantrell and Officer Brinson both testified that Warner signed his initials rather than writing out his whole name because he had a hand injury and had trouble writing.

Officer Brinson did not recall Warner requesting an attorney or asking to call his mother. Officer Himelick testified that Warner did not make a request for an attorney while he was present. It does not appear that Warner ever asked directly for a lawyer or that he ever refused to answer a question. The only evidence that Warner requested to phone his mother for the purpose of having her retain an attorney is his own testimony. We have upheld trial court admissibility determinations under similar circumstances. *Roell v. State* (1982), Ind., 438 N.E.2d 298 (sufficient evidence of voluntariness where appellant claimed he requested counsel before giving statement, but there was no substantiation in the record and police testified that they read him his rights, including the right to have counsel present, and appellant said he understood and wished to tell them about the incident).

Officer Brinson said Warner seemed concerned about his nephew being charged, but that no statement was made to lead Warner to believe that his nephew would not be charged in exchange for his statement. Officer Brinson also denied promising appellant leniency or that he would be charged with only one armed robbery. We have upheld trial court decisions on similar facts. *Jones v. State* (1989), Ind., 536 N.E.2d 267 (suppression properly denied

where appellants testified they were offered leniency in exchange for making statements, but they had been read *Miranda* rights, signed waivers, and police officer testified he never offered leniency in exchange for statements).

Although Warner claims that Officer Himelick threatened him around the 19th of December, Officer Himelick testified that he never spoke with Warner before he was brought in for questioning on December 21st, the day the statement was made. He said he had tried to speak with appellant the day of the arrest but that appellant was asleep in a holding cell and would not awaken. There is no evidence of any physical abuse or coercion by Officer Himelick or the other officers.

Appellant has not pointed to any independent evidence indicating he was so under the influence of medication as to render his statement involuntary. Officer Brinson testified that appellant's voice seemed normal and he seemed relaxed. Likewise, Detective Cantrell testified that Warner seemed calm and was cooperative. Officer Himelick testified that Warner was acting normal, did not complain of anything in his presence and agreed to talk to them. The trial court was entitled to decide which version of these events to credit. *Coleman*, 490 N.E.2d at 713 (sufficient evidence of voluntariness where defendant claimed he was under the influence of drugs when he signed waiver but pointed to no independent evidence of same and police testified that he did not appear under the influence, was coherent, and had no trouble walking or talking). Moreover, during the suppression hearing Warner testified that while pain medication had been prescribed for him, he had not taken any the day he gave his statement.

The credibility of the witnesses is for the trial court to determine. *Jones*, 536 N.E.2d at 272. There is sufficient evidence to support the trial court's ruling that the statement was made voluntarily. It was not error for the trial court to deny Warner's motion to suppress. Those portions of the confession relating to the truck theft and the offenses arising out of the burglary of the Schmalzried residence were properly admitted at trial.

## II. Admission of Entire Confession for Impeachment

Appellant argues that even if those portions of the confession dealing with the crimes for which he was charged were properly admitted, it was error to allow the transcript of the entire confession to be admitted for impeachment purposes.

▮ Evidence may be inadmissible even if it has a tendency to prove or disprove a material fact in issue when its probative value is substantially outweighed by the danger of unfair prejudice to the defendant. *Hansford v. State* (1986), Ind., 490 N.E.2d 1083. Moreover, evidence of prior criminal acts other than those charged is generally inadmissible unless it is introduced to show intent, motive, purpose, identity, or common scheme or plan. *Bedgood v. State* (1985), Ind., 477 N.E.2d 869.

▮ On direct examination at trial Warner testified that he was offered leniency for himself and his nephew in exchange for a confession and that medical treatment was being withheld from him until he made a statement. During cross-examination, the prosecution sought admission of the transcript of the entire confession to show that these claims were false and that Warner was "lucid". (R. 823–24). The State's argument appears to be that the statement itself shows it was given voluntarily because Warner confessed to so many other crimes and because neither leniency or medical treatment was mentioned.

The transcript of the entire confession was fifty-one pages long and contained admissions to some seventeen other crimes in addition to those for which Warner was being tried. Only seven pages dealt with crimes actually charged. The probative value of this evidence to show the voluntariness of the confession or Warner's lucidity was modest, and the danger of unfair prejudice was great. The other crimes to which appellant confessed were not connected with the crimes for which he was charged, tried and convicted. Such evidence did not go to prove intent, motive, purpose, identity, or a common scheme or

plan. The real probative value of such evidence was to show Warner's criminal propensity or bad character.

In a similar case, *Brown v. State* (1953), 232 Ind. 227, 111 N.E.2d 808, this Court found reversible error where part of a confession relating to collateral, uncharged offenses was admitted into evidence when those portions could have been separated from the part of the confession that related to the charged offense. Brown made a statement about the charged crime; he also confessed to participating in five separate robberies. *Id.* at 234, 111 N.E.2d at 811. We held the portion of the statement relating to the uncharged crimes inadmissible. *Id.* "Indiana has followed the rule that if the part of the confession bearing upon the issue can be separated from the part relating to other separate offenses, that part material to the issues, and that part only, may be admitted." *Id.*, at 235, 111 N.E.2d at 811.[1]

The relevant and material portions of Warner's statement were separable from the remainder of the confession. Indeed, they were separated and properly admitted earlier in the trial. The prejudice from introduction of the entire statement outweighed any impeachment value. That being so, it was error to admit the transcript of the entire confession over Warner's objection.

■ Further, we cannot find the admission of this evidence to be harmless error. To decide if the erroneous admission of prejudicial evidence of extrinsic offences is harmless, we judge whether the jury's verdict was substantially swayed. *Gibbs v. State* (1989), Ind., 538 N.E.2d 937. If the error had substantial influence, "or if one is left in grave doubt, the conviction cannot stand." *Stwalley v. State*, (1989), Ind., 534 N.E.2d 229, 232 (quoting *Kotteakos v. United States*, 328 U.S. 750, 765, 66 S.Ct. 1239, 1248, 90 L.Ed. 1557 (1946)). We cannot say that such evidence did not substantially sway the jury's decision to convict. Warner's convictions for burglary,

robbery, two counts of criminal confinement, and two counts of theft are therefore reversed.

### III. Sufficiency of the Evidence

■ We also address appellant's sufficiency of the evidence claims to ensure that the double jeopardy clause of the federal constitution will not be violated by retrial. Though double jeopardy bars retrial in cases of reversal for insufficient evidence, it does not bar retrial in cases of reversal for trial error. *Burks v. United States*, 437 U.S. 1, 14–15, 98 S.Ct. 2141, 2148–2149, 57 L.Ed.2d 1 (1978). This is so because a determination that a defendant was convicted through a judicial process which was defective in some fundamental respect, such as incorrect receipt of evidence, implies nothing with respect to the guilt or innocence of the defendant. *Id.* at 15, 98 S.Ct. at 2149.

■ Appellant claims that apart from his confession, which should have been excluded because it was not given voluntarily, there was insufficient evidence to convict him of any of the offenses. We have already determined that those portions of the confession that dealt with the truck theft and offenses arising out of the burglary of the Schmalzried residence were properly admitted at trial. We have also reviewed the trial record and find there was sufficient evidence presented, along with those portions of the confession, which if believed by the jury would support the convictions. Thus, this cause can be retried without offending the protections afforded by the double jeopardy clause.

The judgment of the trial court is reversed and this cause is remanded for retrial.

DeBRULER, GIVAN, DICKSON and KRAHULIK, JJ., concur.

---

1. *Compare Kiefer v. State* (1960), 241 Ind. 176, 169 N.E.2d 723, *cert. denied*, 366 U.S. 914, 81 S.Ct. 1089, 6 L.Ed.2d 238 (1961), approving this general rule but holding it did not apply because the other crime defendant confessed to was part of the same transaction as crime for which he was charged; and *Wright v. State* (1977), 266 Ind. 327, 363 N.E.2d 1221, distinguishing *Brown* because appellant's statement did not necessarily lead to inference of prior criminal conduct.