Terry D. **ROSER** and Cheryl L. Roser, Appellants–Defendants,

and

Terry L. **McPeak** and Delores A. McPeak, Appellants–Defendants,

v.

Ileen **SILVERS**, Appellee–Plaintiff.

No. 85A02–9707–CV–460.

Court of Appeals of Indiana.

Aug. 31, 1998.

Elden E. Stoops, Jr., Daggett, Schlitt & Stoops, North Manchester, for Appellants–Defendants.

Alfred H. Plummer, III, Wabash, for Appellee–Plaintiff.

## OPINION

BAILEY, Judge.

### Case Summary

Appellants–Defendants Terry L. and Delores A. McPeak ("the McPeaks") and Terry D. and Cheryl L. Roser ("the Rosers") [defendants will be referred to collectively as the Rosers] appeal the judgment entered after a trial before the bench which granted

the petition of Appellee–Plaintiff Ileen Silvers ("Silvers") to quiet title in a disputed tract of real estate based on the trial court's determination that Silvers' parents had acquired the property by adverse possession. We affirm.[1]

### Issues

The Rosers raises four issues which we restate as follows:

I.   Whether the evidence was sufficient to support the trial court's determination that Silvers' parents had acquired the disputed strip of property by adverse possession.

II.   Whether the trial court committed reversible error by overruling Rosers' hearsay objection to testimony regarding the statements made by Silvers' late father pertaining to the boundary line between the properties.

III.   Whether the trial court abused its discretion by permitting a witness to give rebuttal testimony after she had been present in the courtroom during the testimony of other witnesses despite a separation of witnesses order.

IV.   Whether Silvers' quiet title claim is barred by laches.

### Facts

The evidence most favorable to the trial court's determination reveals that the McPeaks acquired their property ("Lot 3") from the Rosers. (R. 140, 321). The Rosers' predecessors in interest in Lot 3 were Ed and Blanche Bricker ("the Brickers"). (R. 334). Lot 3 is adjacent to and east of Silvers' lot ("Lot 4"). (R. 321, 333–34). Silvers obtained Lot 4 from her parents, DeWitt and Bertha Weaver ("the Weavers"). (R. 333). The Weavers acquired Lot 4 in 1955. (R. 333). The Brickers lived next door on Lot 3 at that time. (R. 335).

In 1956, the Weavers installed stone and gravel for a driveway which encroached upon

---

1.   Silvers has requested an award of appellate attorney fees asserting that, in their brief, the Rosers improperly relied on evidence in the light most favorable to their position. We deny Silvers' request because Rosers' brief is not permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay.

*See John Malone Enterprises, Inc. v. Schaeffer,* 674 N.E.2d 599, 606 (Ind.Ct.App.1996) (appellate tribunal must use extreme restraint when exercising its discretionary power to award damages on appeal because of the potential chilling effect upon the exercise of the right to appeal).

the Brickers' property. (R. 321, 336). The driveway was paved in 1969. (R. 337). The Weavers paid for the paving. (R. 339–342). The Weavers (and their successors) have used the driveway continuously since 1956. (R. 345, 348, 351, 358, 361, 364). The Weavers' (and their successors') use of the driveway has been exclusive. (R. 421, 464–65). The Brickers never used the driveway. (R. 352–53).

In 1993, a dispute arose between McPeaks and Silvers over the use of the driveway. (R. 291, 560). Silvers filed the present action to quiet title. (R. 290). After a trial before the bench, the trial court quieted title in the disputed strip of property in Silvers' favor based on its determination that Silvers' parents had acquired the property by adverse possession by 1970 at the latest, when the Brickers still lived on Lot 3. (R. 22). This appeal ensued.

## Discussion and Decision

### Standard of Review

■ On appeal of a bench decision, the appellate court will not set aside the judgment unless it is clearly erroneous. Ind.Trial Rule 52(A). When the trial court enters findings on its own motion (as in the present case), specific findings control only as to issues they cover while a general judgment standard applies to any issue upon which the court has not found. *Matter of Estate of Burmeister*, 621 N.E.2d 647, 649 (Ind.Ct. App.1993). The reviewing court will affirm if the judgment can be sustained on any legal theory supported by the evidence most favorable to the judgment, together with all reasonable inferences to be drawn therefrom. *Klebes v. Forest Lake Corp.*, 607 N.E.2d 978, 982 (Ind.Ct.App.1993), *trans. denied.* Where trial court findings on one legal theory are adequate, findings on another legal theory amount to mere surplusage and cannot constitute the basis for reversal even if erroneous. *Williams v. Rogier*, 611 N.E.2d 189, 196 (Ind.Ct.App.1993), *trans. denied; Donavan v. Ivy Knoll Apartments Partnership*, 537 N.E.2d 47, 52 (Ind.Ct.App.1989).

### Adverse Possession

■ Title to real estate may be defeated by adverse possession where the possession has been actual, visible, notorious, exclusive, under a claim of ownership hostile to the true owner, and continuous for a ten year period. IND.CODE § 34–1–2–2(6); [2] *Snowball Corporation v. Pope*, 580 N.E.2d 733, 734–35 (Ind. Ct.App.1991). The party seeking title by adverse possession has the burden of proving all the elements listed above. *Id.* at 734. Adverse possession must be hostile such that reasonable owners should have been aware that the possessor disavows and disclaims the title of the true owner. *Poole v. Corwin*, 447 N.E.2d 1150, 1152 (Ind.Ct.App.1983), *trans. denied.* Cases of adverse possession are fact-sensitive and must be decided on a case-by-case basis. *Williams*, 611 N.E.2d at 195.

### I. Sufficiency

■ The Rosers conduct an analysis of the evidence in the light most favorable to themselves which indicated that the driveway had been shared by both properties in the past. They point out that there was no fence or barrier between the properties. They assert further that certain conflicts in evidence demonstrate that the adverse possession of Silvers' predecessors was not open and notorious. Finally, the Rosers argue that there was no evidence that the Weavers ever communicated their intent to possess the property to the Brickers.

The Rosers' argument is a mere invitation to reweigh evidence. As the evidence set out in the **Facts** section sufficiently supports the trial court's determination that Silvers' parents had acquired the strip of property containing the driveway by adverse possession, the judgment is not clearly erroneous.

### II. Hearsay

■ The Rosers assert that the trial court erred by overruling the hearsay objections interjected with respect to the testimony of Silvers' son and son-in-law regarding statements made by Silvers' late father pertaining

---

2. Statute recodified at IND.CODE § 34–11–2–11 without substantial changes. P.L. 1–1998, § 6

(effective July 1, 1988).

to the location of the boundary line between the two properties.

Hearsay is an out-of court statement offered to prove the truth of its contents. Ind.Evidence Rule 801(c); *Yamobi v. State,* 672 N.E.2d 1344, 1346 (Ind.1996). Hearsay is generally inadmissible unless the statement falls within one of the established hearsay exceptions. Evid.R. 802.

Silvers argues that her late father's statements were admissible under Ind.Evid. R. 803(20) which provides that the following evidence is not excluded by the hearsay rule:

Reputation concerning boundaries or general history. Reputation in a community, arising before the controversy, as to boundaries of or customs affecting lands in the community, and reputation as to events of general history important to the community or state or nation in which located.

As no Indiana case has analyzed this rule of evidence, we will look to our sister states for guidance.

■ Reputation evidence as to customs affecting land is not excluded under North Carolina's version of Evid.Rule 803(20). *Broyhill v. Coppage,* 79 N.C.App. 221, 339 S.E.2d 32, 35 (1986). Thus, witnesses in *Broyhill* were permitted to testify regarding the use of local roadways before their lifetimes. *Id.; See also, Williams v. State,* 595 So.2d 1299, 1306 (Miss.1992) (evidence that property had been known as Williams' camp house for years was admissible under Mississippi's version of Rule 803(20)). However, this exception applies only to reputation or general consensus evidence and does not permit the admission of specific statements or assertions made by the predecessor in interest regarding a boundary. *Goodover v. Lindey's Inc.,* 232 Mont. 302, 757 P.2d 1290, 1293–94 (1988) (harmless error to permit specific statements under Montana's version of Evid.Rule 803(20)); *See also, The Nature Conservancy v. Nakila,* 4 Haw.App. 584, 671 P.2d 1025, 1033 (1983) (no error in excluding hearsay assertion of individual's personal observation under Hawaii's version of Evid. Rule 803(20)). This approach comports with Indiana's common law. *See Ellison v. Branstrator,* 153 Ind. 146, 54 N.E. 433, 437 (1899) (no error in excluding evidence of a conversation with a surveyor regarding boundary line).

■ In the present case, the trial court erred in permitting the hearsay testimony regarding the statements made by Silvers' late father with respect to the location of the boundary line. However, error in the admission of evidence will not warrant reversal unless a substantial right of the party is affected. Evid.R. 103(a). In a bench trial, the harm from any evidentiary error is lessened. *Moran v. State,* 604 N.E.2d 1258, 1263 (Ind.Ct.App.1992). In bench trials, we presume that the court disregarded inadmissible evidence and rendered its decision solely on the basis of relevant and probative evidence. *Helton v. State,* 624 N.E.2d 499, 513 (Ind.Ct. App.1993), *trans. denied, cert. denied,* — U.S. ——, 117 S.Ct. 1252, 137 L.Ed.2d 333. Any harm from evidentiary error is lessened, if not completely annulled, when the trial is by the court sitting without a jury. *Roop v. State,* 571 N.E.2d 568, 570 (Ind.Ct.App.1991), *trans. denied.* Also, any error in the admission of evidence which is merely cumulative of evidence properly admitted is harmless. *Wolfe v. State,* 562 N.E.2d 414, 421 (Ind. 1990); *Roop,* 571 N.E.2d at 570.

The admission of the hearsay evidence here was merely cumulative of other evidence to the effect that the western edge of the driveway marked the boundary line between the properties. As the present case was tried to the bench, we conclude that the erroneous admission of the hearsay evidence in question was harmless.

### III. Violation of Separation of Witnesses Order

■ At the beginning of trial, the trial court granted the Rosers' motion to separate the witnesses. (R. 318). Silvers' daughter testified on Silvers' behalf. (R. 451–462). After giving her testimony, the daughter remained in the courtroom as an observer. The trial court then permitted Silvers to recall the daughter as a rebuttal witness over the Rosers' objection based on the separation of witnesses order. (R. 558–59). Silvers' attorney explained that he had not anticipated the need to recall the daughter, but that

the need arose when Roser unexpectedly denied having a particular telephone conversation with Silvers. (R. 558). Silvers' daughter testified that she had answered a phone call from Roser at Silvers' house and then overheard the telephone conversation in which Silvers refused to give Roser permission to use the driveway. (R. 559–60).

■ At the request of a party, the court shall order witnesses excluded so that they cannot hear the testimony of or discuss testimony with other witnesses. Evid.Rule 615. The primary purpose of a separation of witnesses order is to prevent them from gaining knowledge from the testimony of other witnesses and adjusting their testimony accordingly. *Harrington v. State,* 584 N.E.2d 558, 562 (Ind.1992). In the absence of connivance or collusion by the party calling the witness, the trial court may permit the testimony of a witness in violation of a separation order. *Alexander v. State,* 600 N.E.2d 549, 553 (Ind.Ct.App.1992). Even when confronted with a clear violation of a separation order, the trial court may choose to allow the violating witness to testify. *Jordan v. State,* 656 N.E.2d 816, 818 (Ind.1995). The reviewing court will not reverse a trial court's decision on such matter absent a showing of a clear abuse of discretion. *Id.*

In the present case, the purported violation of the separation order was not the product of connivance or collusion. The need for the daughter's testimony arose when Roser unexpectedly denied having a particular telephone conversation with Silvers regarding the ownership of the driveway. Therefore, the trial court did not abuse its discretion in permitting Silvers' daughter to testify.

*IV. Laches*

■ Finally, the Rosers argue that Silvers is estopped from asserting ownership in the strip of property containing the driveway under the doctrine of laches. However, as Silvers correctly contends, this affirmative defense has been waived due to the Rosers' failure to specifically plead it. Ind.Trial Rule 8(C); *Freedom Express, Inc. v. Merchandise*

*Warehouse Co., Inc.,* 647 N.E.2d 648, 651 (Ind.Ct.App.1995).

Affirmed.

BAKER and DARDEN, JJ., concur.