Thomas W. STILES, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 64A03–9704–CR–128.

Court of Appeals of Indiana.

Oct. 20, 1997.

Peter L. Boyles, Valparaiso, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Priscilla J. Fossum, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

**OPINION**

STATON, Judge.

Thomas W. Stiles appeals from his conviction by jury for Burglary, a Class B Felony. He also appeals his enhanced sentence which resulted from being adjudicated a habitual offender. Stiles raises three issues for review, which we restate as:

I. Whether sufficient evidence was presented at trial to convict Stiles of Burglary.

II. Whether sufficient evidence was presented to sustain Stiles' sentence as a habitual offender.

III. Whether the trial court erred in treating the habitual offender enhancement as a separate count.

We affirm.

Sometime between 10:00 A.M. and 1:00 P.M. on July 19, 1996, the victim's microwave oven was stolen while she was away from home. At 8:30 A.M. that morning, Stiles came to the victim's house to ask her for money. Stiles and the victim used to date, and he frequently came to her house asking for money. The victim gave Stiles $10 and told him to leave because she was leaving to go to work, and she had a doctor's appointment. When the victim left, Stiles was still in front of her house trying to get his car started.

The victim lived in a duplex. Her neighbor on the other side of the duplex, Andrea Campbell, saw Stiles approach the victim's front door and then leave at about 11:30 A.M. At around 12:15 P.M., Campbell again saw Stiles approach the victim's front door. After Campbell stepped away from the window through which she was observing Stiles, she heard banging noises coming from the victim's apartment. When the victim arrived home around 1:00 P.M., she and Campbell saw that the framing on the front door was cracked and the door was broken open. They then entered the house and noticed that the microwave oven was missing.

The victim testified that later in the day, Stiles called her at work. During this conversation, Stiles admitted "borrowing" the microwave oven and attempted to convince the victim not to press charges.

I.

*Sufficiency of the Evidence—Burglary*

Stiles argues that the evidence is insufficient to support his conviction for

Burglary because the State's case is based entirely on speculative and improbable evidence. When reviewing a claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of witnesses. *Jordan v. State*, 656 N.E.2d 816, 817 (Ind.1995), *reh. denied.* We look to the evidence and the reasonable inferences therefrom that support the verdict. *Id.* The conviction will be affirmed if evidence of probative value exists from which a jury could find the defendant guilty beyond a reasonable doubt. *Id.*

■ In support of his argument, Stiles first points out that no one saw him enter the victim's residence, and he was never found to be in possession of the microwave oven. A burglary conviction may be sustained by circumstantial evidence alone. *Miller v. State*, 563 N.E.2d 578, 581 (Ind.1990), *reh. denied*, 577 N.E.2d 587 (Ind.1991). Thus, Stiles' conviction may stand notwithstanding that no one actually saw him enter the residence or that the microwave was never actually found in his possession.

■ Too, Stiles contends that the testimony of the State's two primary witnesses, the victim and Campbell, was inherently improbable because of inconsistencies and other problems with their testimony. Stiles suggests that because of these inconsistencies and problems, this court should invade the province of the jury and reweigh the victim's and Campbell's testimony. The court will impinge on the jury's responsibility to judge the credibility of witnesses only when it is confronted with inherently improbable testimony, or with coerced, equivocal, or wholly uncorroborated testimony of incredible dubiosity. *Rodgers v. State*, 422 N.E.2d 1211, 1213 (Ind.1981).

■ Stiles points out the following problems and inconsistencies:

[The victim's] adjoining neighbor, [Campbell] saw Stiles in the vicinity of [the victim's] duplex on three separate occasions between 11:30 a.m and 1:00 p.m. on July 19, 1996. However, [Campbell] was not able to see the door to [the victim's] apartment and did not see Stiles enter the residence. It is physically impossible for

[Campbell] to see someone approach [the victim's] front door from her vantage point.

Approximately five minutes after seeing Stiles for the second time that day, [Campbell] heard noises from inside [the victim's] residence. However, [Campbell] did not hear the door being forced open, even though she was home all day and was able to hear the noise coming from inside the residence. . . .

[The victim] returns to the residence at approximately 1:00 p.m. and discovers that someone has broken into her apartment. [Campbell] believes that [the victim] returns at 3:00 p.m. . . .

On July 23, 1996 [Campbell] informs [the police] that she observed Stiles leave on three separate occasions. However during her deposition she indicates she saw Stiles only on one occasion. [Campbell] tells a third version at trial, when she indicates that she observed Stiles on three occasions and only saw him leave on the first occasion.

Finally, [the victim] indicates that Stiles called her at work at approximately 3:00 p.m. and informed her that he had borrowed her microwave to bake chicken and that she could come pick it up. However, [the victim] never saw Stiles with her microwave and the microwave was never found in Stiles' possession.

Appellant's Brief at 16–17 (citations omitted). These inconsistencies do not rise to the level of making either the victim's or Campbell's testimony inherently improbable or incredibly dubious. We will not impinge on the jury's responsibility to judge the credibility of these witnesses.

■ The record indicates sufficient evidence from which a jury could conclude beyond a reasonable doubt that Stiles was guilty of Burglary. Stiles was at the victim's house on the morning of the burglary to ask the victim for money. The victim told Stiles she was leaving to go to work and to the doctor. When the victim actually left her home, Stiles was still in front of her house working on his car. The victim's neighbor, Campbell, saw Stiles approach the victim's front door about two hours after the victim left. After Campbell stepped away from the

window through which she was observing Stiles, she heard banging noises coming from the victim's apartment. Approximately one hour after that, the victim arrived home to find her door cracked open and her microwave missing. The victim testified that Stiles admitted to her later that afternoon that he took the microwave. Based upon all of this, there was sufficient evidence to support Stiles' conviction for Burglary.

## II.

### Sufficiency of the Evidence—Habitual Offender

Stiles argues that the State failed to produce sufficient evidence to sustain his sentence enhancement as a habitual offender. "The state may seek to have a person sentenced as a habitual offender for any felony by alleging, on a page separate from the rest of the charging instrument, that the person has accumulated two (2) prior unrelated felony convictions." IND.CODE § 35–50–2–8 (Supp.1996). "In order to sustain a finding that a defendant is a habitual offender, the State must prove that the defendant was guilty of two prior unrelated offenses, the second of which was committed after the defendant was convicted and sentenced upon the first charge." *Spencer v. State*, 660 N.E.2d 359, 363 (Ind.Ct.App.1996).

The State charged that Stiles was guilty of four prior, unrelated felonies. The jury found that the State proved beyond a reasonable doubt that the defendant had accumulated each of these four convictions. Stiles contends that two of the convictions—a burglary conviction on January 27, 1989 and a theft conviction on October 28, 1988—do not meet the statutory definition for prior felony convictions since the convictions are not unrelated.

Assuming *arguendo* that these two convictions were related, the jury's determination that Stiles was a habitual offender was still proper because the jury also found Stiles had been convicted of two other felonies, which Stiles does not argue were related. Where the jury's verdict specifically identifies the prior convictions on which its determination is based, and as long as at least two

of the prior convictions were unrelated felonies, the habitual offender determination will be upheld. *See Gibson v. State*, 661 N.E.2d 865, 869 (Ind.Ct.App.1996), *trans. denied.*

Stiles also argues that the State failed to sufficiently prove his prior convictions because the State's exhibits in this regard were not properly authenticated. An official record may be authenticated by the seal of a public officer "having official duties in the district or political subdivision in which the record is kept." Ind.Trial Rule 44(A)(1). While Stiles admits that each of the State's exhibits were certified under seal, he contends that because the certification does not specifically identify the attachments thereto and the attachments are not individually sealed or certified, the documents were not properly authenticated under T.R. 44(A)(1). While it might be a better practice for the certification to specifically identify the attachments, T.R. 44(A)(1) does not mandate that the certification take a particular form. Nor does T.R. 44(A)(1) mandate that each individual attachment be individually certified. Accordingly, we hold that the records were properly authenticated.

## III.

### Habitual Offender as a Separate Count

Finally, Stiles contends that the trial court erred by treating the habitual offender enhancement as a separate count. The court's sentencing order provided:

COUNT I:

    BURGLARY, B FELONY: Ten (10) years at the Department of Correction; Court addresses the aggravating circumstances in the Habitual Offender sentence.

COUNT II:

    HABITUAL OFFENDER: Thirty (30) years at the Department of Correction. Said Count II is to be served consecutive to Count I in this cause.

Record at 48.

The habitual offender statute does not establish a separate crime. *Jones v. State*, 449 N.E.2d 1060, 1066 (Ind.1983). It is simply a means for determining a defen-

dant's status in order to decide whether to enhance the sentence on the underlying felony. *Id.* Stiles argues that by including the habitual offender sentence as a separate count in its sentencing order, the court is treating the habitual offender determination as an additional conviction and sentence for the same crime. Although by listing the habitual offender sentence under a separate count the court may have caused some unnecessary confusion, the sentencing order itself demonstrates that the court understood and treated the habitual offender determination as a sentence enhancement, not as a separate conviction. *See* Record at 47–48 ("The State requests the Court find the Defendant's prior convictions as an aggravator to enhance the Burglary sentence. However, the court determines that the jury's verdict of Habitual Offender, is an enhancement already.")

Affirmed.

GARRARD and DARDEN, JJ., concur.