Melvin BERRY, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–9908–CR–600.

Court of Appeals of Indiana.

March 29, 2000.

William F. Thoms, Jr., Thoms & Thoms, Indianapolis, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Liisi Brien, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

ROBB, Judge

Following a bench trial, Melvin Berry was convicted for driving while suspended, a Class A misdemeanor. We reverse and remand for a new trial.

### Issue

Berry raises one issue for our review, which we restate as: whether the trial court properly admitted Berry's driving record into evidence when it was certified by the State.

### Facts and Procedural History

The facts most favorable to the judgment reveal that on August 1, 1998, the police observed Berry driving an automobile. At that time, Berry's driver's license was suspended. Thereafter, the State charged Berry with driving while suspended. At trial, the State introduced into evidence Berry's driving record. The BMV records were obtained via the Internet and certified by a paralegal employed by the prosecutor's office. Over Berry's

objection, the trial court admitted the driving record into evidence. Consequently, the trial court found Berry guilty as charged and sentenced him to one hundred eighty-days in jail all of which was suspended, ten dollars in court costs, and suspended his driver's license for ninety days. This appeal ensued.

### Discussion and Decision

### I. Admission of the Evidence

Berry contends that the trial court erred in admitting his driving record into evidence. Specifically, he argues that the driving record was not properly authenticated because it was certified by the State, and not the BMV.

### A. Standard of Review

■ Our standard of review in this area is well-settled. The admission of evidence is within the sound discretion of the trial court, and the decision whether to admit evidence will not be reversed absent a showing of manifest abuse of the trial court's discretion resulting in the denial of a fair trial. *Spires v. State*, 670 N.E.2d 1313, 1315 (Ind.Ct.App.1996). In determining the admissibility of evidence, the reviewing court will only consider the evidence in favor of the trial court's ruling and unrefuted evidence in the defendant's favor. *Reaves v. State*, 586 N.E.2d 847, 857 (Ind.1992).

### B. Authentication of Driving Record by the State

Recently, we held that it was error for a trial court to admit driving records into evidence based solely on the prosecutor's certification because the prosecutor's office was not the appropriate entity to certify driving records as true and complete. *Dumes v. State*, 718 N.E.2d 1171 (Ind.Ct.App.1999), *as clarified on reh'g*, 723 N.E.2d 460 (Ind.Ct.App.2000).[1]

■ In *Dumes*, we held that certification of public records by the custodian of records is sufficient evidence that the records are what the sponsor purports them to be, and thus, there is no need for foundational testimony or the introduction of the "original document." *Dumes*, 718 N.E.2d at 1178. Furthermore, we held that the certification of public records must be made by the custodian of the records, and the BMV is the custodian of driving records. *Id.* The State argues that "[t]his Court's holding in *Dumes* fails to acknowledge that the driving records accessed through the BMV's secure internet cite [sic] are 'pre-certified' by the BMV and are only later stamped and initialed by authorized certifying deputies in the prosecutor's office." Brief of Appellee at 4. For at least two reasons, we stand by our earlier holding that driving records may not be introduced into evidence based solely on certification by the prosecutor's office that the record is true and complete.

■ First, public records such as driving records may be self-authenticated under either Trial Rule 44(A)(1), Evidence Rule 902, or Indiana Code section 34–37–1–8. Regardless of the self-authentication method used by a party, the documents must be attested as true and complete by the custodian of the records. The BMV is statutorily required to maintain an operating record for each person that has been licensed by the BMV to drive a motor vehicle. Ind.Code § 9–14–3–7(a). The BMV also is required to produce certified driving records upon a proper request and payment of a fee. Ind.Code § 9–14–3–7(d). Thus, the BMV and not the prosecutor's office is the custodian of driving records and the entity statutorily empowered and responsible for certifying these public records.

■ The State contends that "[t]he BMV still prepares and maintains the records.... [B]y providing authorized users

1. We note that when Judge Richard Good rendered his decision in this case on May 14, 1999, he was without the benefit of the analysis and instruction provided by our decision in *Dumes*.

with only the ability to view and print BMV driving records, the authorized users, acting as certifying deputies of the Commissioner of the BMV, are properly certifying the computer printout of driving records 'pre-certified' by the BMV." Brief of Appellee at 4. We believe that the BMV cannot delegate its statutory authority to an entity unaffiliated with the BMV. Only individuals affiliated with the BMV may be "certification deputies," such as individuals employed by the BMV who act on behalf of the Commissioner of the BMV, the custodian of driving records.

■ Second, the prosecutor's office was a party to the court proceeding in which it introduced the driving records it certified and authenticated as true and complete. The Indiana Supreme Court has stated that public records cannot be placed into evidence merely upon a party's offering a copy and claiming it is an accurate copy of the original. *Mott v. State*, 547 N.E.2d 261, 264 (Ind.1989). The rules of authentication address three concerns: 1) preventing a fraud upon the court; 2) preventing innocent mistakes; and 3) guarding against "jury credulity," the natural tendency to take matters at face value.

The State argues that the prosecutor's office has been properly deputized by the BMV to certify driving records as true and complete. However, the State misses the point that it is a party to the proceeding in which it has introduced driving records which it has certified and authenticated as true and complete. Allowing a party to certify and authenticate documents which it is introducing into evidence effectively defeats the purposes of the authentication requirements imposed by our Trial Rules, the Rules of Evidence, and Indiana Statutes. Thus, the trial court erred by admitting Berry's driving record into evidence based solely on the prosecutor's certification because the prosecutor's office was not the appropriate entity to certify driving records as true and complete.

## C. Effect of Error

■ Although the trial court erred in admitting Berry's driving record into evidence, we will not reverse the conviction if the error is harmless. *Craig v. State*, 630 N.E.2d 207, 211 (Ind.1994). An error is not harmless if it prejudices the defendant's substantial rights. Evid. R. 103; *Martin v. State*, 622 N.E.2d 185, 188 (Ind. 1993). In a bench trial, the harm from any evidentiary error is lessened. *Moran v. State*, 604 N.E.2d 1258, 1263 (Ind.Ct.App. 1992), *trans. denied*. In bench trials, we presume that the court disregarded inadmissible evidence and rendered its decision solely on the basis of relevant and probative evidence. *Helton v. State*, 624 N.E.2d 499, 513 (Ind.Ct.App.1993), *trans. denied*, *cert. denied*, 520 U.S. 1119, 117 S.Ct. 1252, 137 L.Ed.2d 333 (1997). Any harm from evidentiary error is lessened, if not completely annulled, when the trial is by the court sitting without a jury. *Roop v. State*, 571 N.E.2d 568, 570 (Ind.Ct.App. 1991), *trans. denied*. Also, any error in the admission of evidence which is merely cumulative of evidence properly admitted is harmless. *Wolfe v. State*, 562 N.E.2d 414, 421 (Ind.1990); *Roop*, 571 N.E.2d at 570.

■ The three elements of driving while suspended are: (1) operating a motor vehicle; (2) while driving privileges are suspended; and (3) a showing that the defendant knew his driving privileges were suspended. *Etter v. State*, 710 N.E.2d 939, 940 (Ind.Ct.App.1999), *trans. denied*. Here, Berry was charged with driving while privileges were suspended as a Class A misdemeanor pursuant to Indiana Code section 9-1-4-52, which provides in pertinent part that:

> a person who operates a motor vehicle upon a highway while the person's driving privilege, license, or permit is suspended or revoked commits a Class A infraction. However if:

> (1) a person knowingly or intentionally violates this subsection; and

(2) less than ten (10) years have elapsed between the date a judgment was entered against the person for a prior unrelated violation of this subsection or IC 9–1–4–52 (repealed July 1, 1991) and the date the violation described in subdivision (1) was committed; the person commits a Class A misdemeanor.

Ind.Code § 9–24–18–5(a).

There is insufficient evidence that Berry's license was suspended on August 1, 1998, the date of his arrest. The only evidence that the State introduced at trial to show a valid suspension was Berry's driving record. Thus, the trial court's admission of Berry's driving record into evidence constitutes reversible error.

### D. Double Jeopardy

Although not raised on appeal, we will address double jeopardy to determine whether retrial is permissible.

 The federal double jeopardy clause provides that no person will "be subject for the same offence to be twice put in jeopardy of life or limb." [2] *United States v. Dixon,* 509 U.S. 688, 695–96, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993); U.S. Const. amend. V. This prohibition applies to the states through the Fourteenth Amendment. *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). The double jeopardy clause provides three basic protections: 1) it protects against a second prosecution for the same offense after acquittal; 2) it protects against a second prosecution for the same offense after conviction; and 3) it protects against multiple punishments for the same offense. *State v. Boze,* 482 N.E.2d 276, 278 (Ind.Ct.App.1985). However, it has long been settled, that the double jeopardy clause's general prohibition against successive prosecutions does not prevent the government from retrying a defendant who succeeds in getting his first conviction set aside, through direct appeal or collateral attack, because of some error in the proceedings leading to conviction. *Lockhart v. Nelson,* 488 U.S. 33, 38, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988) (citing *United States v. Ball,* 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300 (1896) (retrial permissible following reversal of conviction on direct appeal)).

 Because we have determined that Berry's driving record was improperly admitted into evidence, the question of whether or not Berry may be subjected to a new trial depends upon an analysis of the sufficiency of the evidence. In deciding whether retrial is permissible, we consider all of the evidence admitted by the trial court, including the erroneously admitted evidence. *Id.* at 40, 109 S.Ct. 285; *see Everroad v. State,* 590 N.E.2d 567, 571 (Ind.1992). If that evidence as a whole would have been sufficient to sustain the judgment, double jeopardy does not attach. *Lockhart,* 488 U.S. at 40, 109 S.Ct. 285. However, if the evidence is insufficient, we reverse the convictions and Berry cannot be retried. *Vest v. State,* 621 N.E.2d 1094, 1096–97 (Ind.1993). The United States Supreme Court has stated that a reversal based solely on evidentiary insufficiency has fundamentally different implications, for double jeopardy purposes, than a reversal based on such ordinary "trial errors" as the "incorrect receipt or rejection of evidence." *Burks v. United States,* 437 U.S. 1, 14–16, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). The Court has stated that the former is in effect a finding "that the government has failed to prove its case" against the defendant, whereas the latter implies "nothing with respect to the guilt or innocence of the defendant," but is simply "a determination that [the defendant] has been convicted through a judicial process which is defective in some fundamental respect." *Id.* at 15, 98 S.Ct. 2141.

**2.** Article 1, section 14 of the Indiana Constitution provides, "No person shall be put in jeopardy twice for the same offense." This constitutional provision has been interpreted as prohibiting successive prosecutions and multiple punishments for the same offense. *Schrefler v. State,* 660 N.E.2d 585, 587 (Ind. Ct.App.1996).

In the present case, Officer Sheryl McGlinsey testified at trial that she observed Berry operating a motor vehicle on August 1, 1998. R. 36. Berry's driving record, albeit improperly admitted, is sufficient to show that Berry's driving privileges were suspended on August 1, 1998. Thus, the State is permitted to retry Berry for driving while suspended.

### Conclusion

Based on the foregoing, we hold that the trial court abused its discretion in admitting into evidence Berry's driving record when it was certified as true and complete by the State and because such error was not harmless, we reverse Berry's conviction. Further, the federal double jeopardy clause does not bar the State's retrial of Berry because Berry's improperly admitted driving record is sufficient to sustain his conviction for driving while suspended.

Reversed and remanded.

BROOK, J., and NAJAM, J., concur.