Charles PHELPS, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A04–0003–PC–00113.

Court of Appeals of Indiana.

Jan. 31, 2001.

Rehearing Denied April 2, 2001.

Charles Phelps, Bunker Hill, IN, Appellant Pro Se.

Karen M. Freeman–Wilson, Attorney General of Indiana, Grant H. Carlton, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Charles Phelps (Phelps) appeals the denial of his petition for post-conviction relief. He argues that the post-conviction court should have granted his petition because he received ineffective assistance of appellate counsel. Because we find that Phelps did not receive ineffective assistance of appellate counsel, we affirm the denial of his petition for post-conviction relief.

### Facts and Procedural History

On July 2, 1992, Phelps was involved in an altercation with a police officer. He was later charged with both battery as a class C felony and being an habitual offender. Following his conviction of battery, the jury convened for the habitual offender phase of trial. There, the trial court admitted into evidence Exhibits 27, 28, and 29. Exhibits 27 and 29 revealed that Phelps committed attempted robbery as a class B felony on November 4, 1980, and was sentenced for the offense on June 19, 1981. Exhibit 28 revealed that Phelps committed robbery as a class B felony on March 30, 1986, and was sentenced for the offense on October 10, 1986. The jury adjudicated Phelps to be an habitual offender. This

court affirmed his battery conviction in March 1995.

In June 1995, Phelps filed a petition for post-conviction relief. Four years later, on January 5, 1999, Phelps filed an amended petition where he "delete[d] all grounds raised ... in the original Petition for Post Conviction Relief and substituted" two issues—insufficient evidence to support the habitual offender adjudication and ineffective assistance of counsel for failing to raise the sufficiency issue. The post-conviction court denied Phelps' petition following a hearing.

### Discussion and Decision

■ Our standard of review when reviewing appeals from negative post-conviction judgments is well established. *Bigler v. State*, 732 N.E.2d 191, 196 (Ind.Ct.App. 2000), trans. denied. A party appealing from such a negative judgment must establish that the evidence is without conflict and, when viewed as a whole, points unmistakably and unerringly to a conclusion contrary to that of the post-conviction court. *Id.*

■ To prevail on an ineffective assistance of counsel claim, Phelps must show that his attorney's performance fell below an objective standard of reasonableness and that there is a reasonable probability that but for counsel's error, the result of the proceeding would be different. See *Atchley v. State*, 730 N.E.2d 758 (Ind.Ct. App.2000). Phelps argues that the post-conviction court should have granted his petition because he received ineffective assistance of appellate counsel.[1] Specifically, he contends that his appellate counsel was ineffective for failing to argue that there was insufficient evidence to support his habitual offender adjudication because

State's Exhibits 27, 28 and 29 are insufficient to support it.[2] We disagree.

■ In order to sustain a finding that a defendant is an habitual offender, the State must prove that the defendant was guilty of two prior unrelated offenses, the second of which was committed after the defendant was convicted and sentenced on the first charge. *Stiles v. State*, 686 N.E.2d 886, 889 (Ind.Ct.App.1997). Here, State's Exhibits 27 and 29 revealed that Phelps was convicted of attempted robbery as a class B felony on November 4, 1980, and sentenced for the offense on June 19, 1981. Exhibit 28 revealed that Phelps committed an unrelated class B felony robbery on March 30, 1986, after he was convicted and sentenced on for attempted robbery. He was sentenced for the robbery on October 10, 1986. Further, Phelps committed another unrelated felony, a class C felony battery, on July 2, 1992, after he was convicted and sentenced for the robbery. This evidence is sufficient to sustain Phelps' adjudication as an habitual offender.

■ Phelps further contends that even if the contents of Exhibits 27, 28 and 29 are sufficient to support his adjudication, "none of those documentary exhibits were either read to the jury or passed to the jury for their review." Appellant's Brief at 8. Therefore, according to Phelps, the jury did not have knowledge of the contents of the documents and was without sufficient evidence to adjudicate him to be an habitual offender. Again, we disagree.

Phelps admits that the trial court properly admitted State's Exhibits 27, 28 and 29. Our review of the record reveals that the trial court told the prosecutor to read the exhibits to the jury. Phelps complains

---

1. Phelps also argues that the trial court should have granted his petition because there is insufficient evidence to support his habitual offender adjudication. This argument is addressed in our ineffective assistance of counsel discussion.

2. This is the only ineffective assistance of counsel argument presented in Phelps' amended post-conviction relief petition. All other ineffective assistance of counsel arguments are therefore waived. *See Gray v. State*, 593 N.E.2d 1188 (Ind.1992), *reh'g denied* (defendant may not raise issue for the first time on appeal).

that there is nothing in the record to indicate that the prosecutor followed the trial court's instructions.

■ Whether an item has been admitted into evidence so that it can be considered by the trier of fact in arriving at its verdict must be determined from the facts and circumstances of each case. *Carey v. State,* 180 Ind.App. 516, 389 N.E.2d 357, 360 (1979). The essential test is whether the trier of fact was free to consider the item in making its findings. *Id.* at 361.

Here, based upon the record before us, it appears that the trier of fact was free to consider Exhibits 27, 28 and 29 in making its findings. The documents were properly admitted into evidence, and the trial court told the prosecutor to read them to the jury. Under these circumstances, we presume that the jury heard the evidence, and Phelps has the burden of coming forward with evidence to rebut this presumption. This he has failed to do.

The dissent cites *Fout v. State,* 619 N.E.2d 311 (Ind.Ct.App.1993) and *Carey v. State,* 180 Ind.App. 516, 389 N.E.2d 357 (1979), to support its conclusion that where the record does not provide that the jury received an exhibit, we must presume that the jury did not. In *Fout,* "[n]othing in the record clearly establishe[d] that the jury was ever shown [the exhibit]." *Id.* at 313. Here, however, the record establishes that the exhibits were properly admitted into evidence, and the trial court told the prosecutor to read them to the jury. In *Carey,* the issue was whether an affidavit was properly admitted into evidence. Here, there is no question that the exhibits were properly admitted. The facts of *Fout* and *Carey* are therefore distinguishable from those before us.

Phelps' counsel's failure to raise the sufficiency issue on appeal did not fall below an objective standard of reasonableness, and Phelps has failed to prove that the evidence is without conflict and points unmistakably and unerringly to a conclusion contrary to that of the post-conviction court.

Judgment affirmed.

BAKER, J., concurs.

SHARPNACK, C.J., dissents with separate opinion.

SHARPNACK, C.J., dissenting.

I respectfully dissent. A central point in Phelps' ineffective assistance of appellate counsel claim, under which he is challenging the sufficiency of the evidence supporting his habitual offender determination, is whether the jury received the contents of exhibits twenty-seven, twenty-eight, and twenty-nine, which detailed Phelps' prior convictions. I agree with the majority that the record does not indicate whether the prosecutor read those exhibits to the jury per the trial court's request, but I do not agree that we may presume that the prosecutor did so. I conclude that where the record does not provide that the jury received an exhibit, we must presume that the jury did not. *See Fout v. State,* 619 N.E.2d 311, 313 (Ind.Ct.App.1993) (presuming that a jury did not see an unredacted version of an exhibit); *Carey v. State,* 180 Ind.App. 516, 518, 389 N.E.2d 357, 358 (Ind.Ct.App.1979) (presuming that an affidavit was never disclosed to the jury where the record did not show that it was). Consequently, in this case the jury neither saw the exhibits not had their contents read to it. Therefore, it was presented with no evidence upon which to convict Phelps, and his habitual offender conviction is not supported by sufficient evidence. *See Smith v. State,* 547 N.E.2d 817, 823 (Ind. 1989), *on reh'g.*

Nevertheless, the question remains whether Phelps' counsel on direct appeal rendered ineffective assistance by not raising this claim. The first step is to determine whether his counsel's performance "fell below an objective standard of reasonableness." *See id.* at 818 (quoting *Williams v. State,* 508 N.E.2d 1264, 1266 (Ind.1987)). Here, Phelps accuses his appellate counsel of omitting an issue. When assessing these types of ineffectiveness claims, reviewing courts should be particularly deferential to counsel's strategic decision to exclude certain issues in favor of others, unless such a

decision was unquestionably unreasonable. *Bieghler v. State,* 690 N.E.2d 188, 194 (Ind. 1997), *reh'g denied, cert. denied,* 525 U.S. 1021, 119 S.Ct. 550, 142 L.Ed.2d 457 (1998). Under this analysis, the reviewing court should be particularly sensitive to the need for separating the wheat from the chaff in appellate advocacy, and should not find deficient performance when counsel's choice of some issues over others was reasonable in light of the facts of the case and the precedent available to counsel when that choice was made. *Id.*

In this case, Phelps' counsel raised a number of issues on direct appeal, including: 1) whether the trial court abused its discretion when it denied Phelps' trial counsel's motion to withdraw; 2) whether Phelps was denied the effective assistance of trial counsel because his counsel allegedly drew out the only evidence of the severity of the victim's injury; 3) whether Phelps was denied the effective assistance of trial counsel because his counsel failed to object to the State's failure to provide Phelps with an arraignment or initial hearing on the habitual offender charge; and 4) whether the evidence was sufficient to support his conviction for battery. (Appellant's Brief, pp. 3–7) Phelps' challenge to the sufficiency of the evidence supporting his habitual offender adjudication is at least as strong an argument as all of the arguments raised by his counsel, and is stronger than many of those arguments. Furthermore, favorable precedents including *Fout* and *Carey* were available and on point to provide guidance and support such an argument. Under these circumstances, I conclude that the failure of Phelps' counsel to raise this issue on direct appeal was unquestionably unreasonable. *See Mason v. Hanks,* 97 F.3d 887, 900 (7th Cir.1996).

Turning to the second step of Phelps's ineffective assistance claim, he must show adverse prejudice as a result of the deficient performance. *Canaan v. State,* 683 N.E.2d 227, 229 (Ind.1997), *reh'g denied, cert. denied,* 524 U.S. 906, 118 S.Ct. 2064, 141 L.Ed.2d 141 (1998). To make this showing, he must demonstrate that his counsel's performance was so prejudicial that it deprived him of a fair trial. *Id.*

Here, if Phelps' counsel had raised the sufficiency issue and this court had applied the reasoning I discuss above, there is a reasonable probability that the result of his appeal would have been different because we would have reversed the jury's habitual offender determination due to insufficient evidence. *See Mason,* 97 F.3d at 900. Consequently, Phelps was prejudiced by his appellate counsel's failure to raise this issue, and I would reverse the post-conviction court's judgment.[3]

---

3. The State argues that our supreme court's holdings in *Lingler* and *Weatherford* require us to affirm the post-conviction court's judgment because Phelps has merely challenged the State's proof of each element of the offense rather than affirmatively arguing that he is not a habitual offender according to Ind.Code 35–50–2–8. *Lingler v. State,* 644 N.E.2d 131 (Ind.1994); *Weatherford v. State,* 619 N.E.2d 915 (Ind.1993), *reh'g denied.* However, the State is raising this argument for the first time on appeal, and we cannot consider it. *See Whitfield v. State,* 699 N.E.2d 666, 669 (Ind.Ct.App.1998).