**Charles PHELPS, Petitioner–Appellant,**

v.

**John VANNATTA, Respondent–Appellee.**

**No. 02–1761.**

United States Court of Appeals, Seventh Circuit.

Submitted March 27, 2003.*

Decided March 27, 2003.

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before POSNER, MANION, and WILLIAMS, Circuit Judges.

### ORDER

Charles Phelps, an Indiana prisoner, does not dispute that he is a recidivist, but he does object to his latest sentence being enhanced under his state's habitual offender statute. Phelps argues that records of his prior felony convictions in 1981 and 1986 were never given or read to jurors in his criminal trial, and therefore jurors had insufficient evidence to conclude that he was a habitual offender. After the state courts of Indiana rejected Phelps' insufficiency of the evidence argument, Phelps petitioned the district court for a writ of habeas corpus under 28 U.S.C. § 2254. The court denied the petition but granted a certificate of appealability on the following question: did sufficient evidence support the jury's determination that Phelps was a habitual offender? We affirm.

Phelps' most recent conviction stems from an incident in 1992 when police saw him near the scene of a reported armed robbery. An officer had spotted Phelps and asked him if he was carrying a hand-gun. When Phelps turned to walk away, the officer grabbed him by the shirt. During the struggle that ensued, Phelps injured the officer when he hit him in the head and fell on his leg, breaking the officer's ankle. A jury convicted Phelps of battery and resisting a law enforcement officer.

In a separate phase of his trial, jurors were instructed to determine whether Phelps was a habitual offender. Under Indiana law, a defendant's sentence may be increased by up to 30 years if the state proves beyond a reasonable doubt that (1) the defendant was guilty of two prior unrelated felonies, (2) the commission, conviction, and sentencing for the first offense occurred before the commission of the second offense, and (3) the commission, conviction, and sentencing for the second offense occurred before the commission of the offense in the principal case. Ind. Code § 35–50–2–8; *Moore v. Parke,* 148 F.3d 705, 710–11 (7th Cir.1998). The state introduced court records of Phelps' prior felonies, and jurors subsequently determined that he was a habitual offender. The trial judge sentenced him to 34 years.

Phelps filed a direct appeal, arguing that the evidence did not support his battery conviction and that the trial judge should have let his attorney withdraw before trial (he had filed a grievance against her with Indiana's attorney disciplinary commission), but the appellate court affirmed his conviction and the Supreme Court of Indiana declined to accept his appeal. Phelps then filed a petition in state court for post-conviction review. This time he argued that the evidence did not support the jury's determination that he was a habitual offender, and that his attorney should have raised that argument in his direct appeal. Phelps argued that there was insufficient evidence that he was a habitual offender because 1) no witness

testified that he had been convicted of prior felonies; 2) the court records that the state offered as evidence of his prior felonies were never read or given to jurors, and 3) those records did not show dates of conviction, which he asserts is required under Indiana law.

The trial court denied his petition, and the Indiana appellate court affirmed, concluding that the court records were given to jurors, that they supported jurors' determination that he was a habitual offender, and that his attorney's failure to raise the insufficiency-of-the-evidence issue on appeal was therefore immaterial. *Phelps v. State of Indiana,* 743 N.E.2d 762, 765 (Ind.Ct.App.2001). The Supreme Court of Indiana declined to accept Phelps' appeal.

Phelps then filed a petition for a writ of habeas corpus, renewing his arguments about insufficiency of the evidence and ineffective assistance of counsel. The district court denied the petition, holding that a rational jury could have found the facts needed to determine that Phelps was a habitual offender. *See Jackson v. Virginia,* 443 U.S. 307, 324, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The court did not discuss Phelps' claim of ineffective assistance of counsel. The court then granted Phelps a certificate of appealability to challenge the sufficiency of the evidence.

Our review of the district court's decision is limited by the Antiterrorism and Effective Death Penalty Act of 1996. Under the AEDPA, a federal court may grant habeas corpus relief only if the state court's decision on the merits of the petitioner's claim was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or was an "unreasonable determination of the facts in light of evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see also Schultz v. Page,* 313 F.3d 1010, 1015 (7th Cir.2002). We pre-

sume that the state court's findings of fact are correct unless Phelps rebuts that presumption with clear and convincing evidence. *Collier v. Davis,* 301 F.3d 843, 848 (7th Cir.2002), *cert. denied,* —— U.S. ——, 123 S.Ct. 1290, 154 L.Ed.2d 1054 (2003) (No. 02–8136).

The state appellate court concluded that the jury had access to the court records of Phelps' prior felonies because the records "were properly admitted into evidence," and therefore "the trier of fact was free to consider [the records] in making its findings." *Phelps,* 743 N.E.2d at 765. Phelps argues that the appellate court was wrong because the exhibits were never read or given to jurors. In support, he cites a statement made by the trial judge to a court reporter after the jury began deliberations, which he asserts shows that the records were in the possession of the court reporter, and not the jury:

> THE COURT: State's Exhibits [25 and 26] will now be substituted for [25A and 26B]. And the reporter, would you give [25A and 26A] e [sic] police officer, who–whoever will take them.

■ The judge's statement hardly meets Phelps burden to provide clear and convincing evidence that the court reporter possessed the court records of his prior felonies during the time that jurors were deliberating. It is not clear from the trial transcript that jurors were deliberating when the judge made the statement. Moreover, the court records of Phelps' prior convictions were exhibits 27–29, not the exhibits the judge referenced.

■ Phelps next argues that even if jurors had received the court records, those documents list only a sentencing date, not a conviction date. Without elaboration, Phelps asserts that Indiana law requires the state to prove both dates, and so, Phelps reasons, the state presented insufficient evidence that he is a habitual of-

fender. But the elements necessary to establish that Phelps is a habitual offender under the Indiana statute is a matter of state law, and " 'it is not the province of a federal habeas court to reexamine state court determinations on state law questions.' " *Dellinger v. Bowen,* 301 F.3d 758, 764 (7th Cir.2002), *cert. denied,* —— U.S. ——, 123 S.Ct. 1312, 154 L.Ed.2d 1065 (2003) (No. 02–8268) (quoting *Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991)). The Indiana appellate court determined that the state's exhibits were "sufficient to sustain Phelps' adjudication as an habitual offender," *Phelps,* 743 N.E.2d at 764, and this determination is beyond our purview.

Accordingly, we affirm the judgment of the district court.