**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**SUZY ST. JOHN**
Marion County Public Defender Appellate Div.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**IAN McLEAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DERIK MILLER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1112-CR-1152 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Linda E. Brown, Judge
The Honorable Teresa A. Hall, Commissioner
Cause No. 49F10-1104-CM-29056

**September 21, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Derik Miller appeals his convictions of Class A misdemeanor possession of a handgun without a license[1] and Class A misdemeanor driving while suspended.[2] He argues the trial court should not have admitted the handgun found in the car he was driving and erred when it listed his conviction of driving while suspended as a Class A misdemeanor instead of as an infraction. We affirm in part and remand.

## FACTS AND PROCEDURAL HISTORY

After midnight on April 26, 2011, Indianapolis police officer Christopher Chapman stopped a vehicle with a disabled headlight. He approached Miller, who was the driver and only occupant of the vehicle. Officer Chapman asked Miller for his license and registration and asked if Miller had any weapons in the car. Officer Chapman testified Miller told him "if there was anything in the vehicle, that it was not his." (Tr. at 10.)

Based on Miller's response regarding the weapons and Miller's furtive movements in the car, Officer Chapman requested a back up officer. Officer Chapman then checked Miller's driver's license, discovered it was suspended, and placed Miller under arrest. While he was handcuffing Miller, Officer Chapman noticed Miller was wearing an empty gun holster on his belt. When Officer Chapman asked Miller why he was wearing the holster, Miller replied, "you know how it is with uh, gun holsters in fashion." (*Id*. at 18.) Officer Chapman placed Miller in the back of his police car and "went to the car and verified that the

---

[1] Ind. Code § 35-47-2-1.
[2] Ind. Code § 9-24-19-2.

2

gun was in there, and I also located a single bullet in the center console area of the vehicle."

(*Id.*)

Officer Christopher Frazier arrived at the scene. Officer Chapman indicated Miller's car was to be impounded and asked Officer Frazier to complete an inventory search of the vehicle. Officer Frazier found a .45 caliber semiautomatic handgun, a magazine, and a live round of ammunition. Miller indicated he did not have a license to carry the handgun.

The State charged Miller with Class A misdemeanor possessing a handgun without a license and Class A misdemeanor driving while suspended. At the beginning of Miller's bench trial, the court and the parties agreed Count Two, driving while suspended, would be an infraction[3] instead of a misdemeanor. During direct examination of Officer Chapman, Miller objected to the admission of the handgun found in the vehicle and argued the inventory search was impermissible. The trial court overruled Miller's objection and admitted the handgun. It found Miller guilty on both counts.

**DISCUSSION AND DECISION**

1. <u>Admission of Handgun</u>

We review the trial court's decision regarding admissibility of evidence for an abuse of discretion. *Lindsey v. State*, 916 N.E.2d 230, 238 (Ind. Ct. App. 2009), *trans. denied*. Thus, we will reverse only if the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. *Id.* We will not reweigh evidence, and we consider

---

[3] Ind. Code § 9-24-19-1.

any conflicting evidence in favor of the trial court's ruling. *Id*. However, we must also consider the uncontested evidence favorable to the defendant. *Id*.

Errors in the admission or exclusion of evidence are to be to be disregarded as harmless unless they affect the substantial rights of a party. Ind. Trial Rule 61; *Hardin v. State*, 611 N.E.2d 123, 131 (Ind. 1993). In a bench trial,

> the harm from any evidentiary error is lessened. In bench trials, we presume that the court disregarded inadmissible evidence and rendered its decision solely on the basis of relevant and probative evidence. Any harm from evidentiary error is lessened, if not completely annulled, when the trial is by the court sitting without a jury. Also, any error in the admission of evidence which is merely cumulative of evidence properly admitted is harmless.

*Berry v. State*, 725 N.E.2d 939, 943 (Ind. Ct. App. 2000) (internal citations omitted).

Miller argues the trial court abused its discretion when it admitted the handgun because it was the fruit of an impermissible inventory search. He claims Officer Chapman's decision to impound the vehicle was improper and, had the ensuing inventory search not occurred, the officers would not have discovered the handgun. We disagree.

Officer Chapman testified after he placed Miller under arrest for driving with a suspended license, he "went to the car and verified that the gun was in there, and I also located a single bullet in the center console area of the vehicle." (Tr. at 18.) He testified Officer Frazier conducted an inventory search of the vehicle prior to impoundment and found the same gun. Therefore, we need not decide the validity of the inventory search because there exists independent evidence of the gun's presence, and Miller does not challenge the admission of the gun based on its discovery as part of a pre-inventory search. *See Lafayette*

4

*v. State*, 917 N.E.2d 660, 666 (Ind. 2009) (improper admission of evidence is harmless when the conviction is supported by such substantial independent evidence of guilt that there is no substantial likelihood that the questioned evidence contributed to the conviction).

      2.    <u>Driving while Suspended Conviction</u>

Miller argues, and the State concedes, the Abstract of Judgment erroneously lists Miller's conviction of driving while suspended as a Class A misdemeanor instead of as an infraction, which it should be pursuant to the court and parties' agreement before trial. Therefore, we remand to the trial court for correction of the abstract of judgment to accurately reflect the conviction of driving while suspended as an infraction.

**CONCLUSION**

Any error in the admission of the handgun during the discussion of the inventory search was harmless. However, the trial court erred when it listed Miller's conviction of driving while suspended as a Class A misdemeanor, as the court and parties agreed the crime was an infraction. Accordingly, we affirm the judgment but remand for correction of the Abstract of Judgment to reflect Miller's conviction of driving while suspended is an infraction.

Affirmed in part and remanded.

NAJAM, J., and KIRSCH, J., concur.